**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Michael A. Miller,

           Petitioner,

v.

United States of America, et al.,

           Respondents.

Case No. 20-cv-376 (WMW/LIB)

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Michael A. Miller's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].

Petitioner is presently the defendant in a criminal case pending in this District. See, United States v. Miller, 19-cr-64 (MJD/ECW) (D. Minn.). A grand jury indicted Petitioner in March 2019, on one count of being a felon in possession of a firearm. See, Id. On March 7, 2019, the Honorable Hildy Bowbeer entered an Order of preliminary detention which provided that Petitioner would be detained pending a hearing on the Government's Motion for Detention. See, United States v. Miller, 19-cr-64 (MJD/ECW) Order [Docket No. 15] (D. Minn. Mar. 7, 2019).

On March 13, 2019, the Court held a detention hearing, and in Petitioner's criminal case, the Court ordered that Petitioner would be detained pending trial. See, United States v. Miller, 19-cr-64 (MJD/ECW) Order [Docket No. 14] (D. Minn. Mar. 15, 2019). Petitioner has not sought reconsideration of his detention Order, nor has he filed an interlocutory appeal of that Order with the United States Court of Appeals for the Eighth Circuit.  He presently awaits trial.

On January 28, 2020, Petitioner initiated the present action. Through his present Petition, he makes numerous claims: (1) that the indictment, in his pending criminal case, "fails to charge an offense . . . because no jurisdiction has been ceded or accepted over the place where the criminal activity is alleged to have occurred"; (2) that the trial court lacks subject matter jurisdiction under 18 U.S.C. § 3231; (3) that the criminal statute under which the Government charged him exceeds Congress's powers; and (4) that his pretrial detention violates the United States Constitution's Eighth Amendment. (Pet., [Docket No. 1], at 6–8). As relief, he seeks "[i]mmediate release from Federal custody." (Id. at 8).

Federal pretrial detainees can get habeas review of pretrial decisions only if they first exhaust all other remedies. See, e.g., Bakke v. United States, No. 19-cv-2501 (JRT/TNL), 2019 WL 5579599, at *1 (D. Minn. Oct. 3, 2019) (citing Kisling v. Anderson, No. 3-cv-2208, 2003 WL 21639148, at *1 (D. Minn. 2003)), report and recommendation adopted, 2019 WL 5566549 (D. Minn. Oct. 29, 2019).  Thus, if a federal pretrial detainee has not sought direct review of his detention or could still raise the relevant issues in his criminal proceedings, that detainee cannot seek relief under 28 U.S.C. § 2241. See, Id. As this Court has stated before, "[t]he reasons for this are simple: allowing courts to entertain habeas petitions from pre-trial detainees would be both inefficient and raise the risk of nearly simultaneous and potentially conflicting decisions." Id. (quoting Kisling, 2003 WL 21639148, at *1–2 (internal quotation marks omitted)).

As noted above, Petitioner, as a federal pretrial detainee, has not sought direct review of his detention, and he could plainly still raise the issues from the present Petition in his criminal proceedings. And he has not sought interlocutory appeal from the Eighth Circuit Court of Appeals. Because he has failed to exhaust his relevant remedies, habeas review of earlier pretrial decisions in his criminal case is not available through a § 2241 petition.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, the Court recommends the Petitioner Michael A. Miller's Petition, [Docket No. 1], be **DISMISSED without prejudice**.

Dated: May 14, 2020                                   s/Leo I. Brisbois
                                                      Hon. Leo I. Brisbois
                                                      United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).